## FRANK WHEELER v. STATE.

No. A-4613. Opinion Filed Dec. 31, 1924.
(231 Pac. 549.)

(Syllabus.)

Intoxicating Liquors—Evidence Sustaining Conviction for Maintaining Liquor Nuisance. In a prosecution for maintaining a liquor nuisance, evidence held sufficient to sustain a verdict and judgment of conviction.

Appeal from County Court, Murray County; W. G. Long, Judge.

Frank Wheeler was convicted of maintaining a public nuisance, and he appeals. Affirmed.

Colbert & Ferris, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Frank Wheeler, was convicted on a charge of maintaining a public nuisance, in that he did unlawfully and willfully keep and maintain a place of public resort on Davis avenue in the city of Sulphur, which place was a place commonly resorted to by persons for the purpose of obtaining and drinking intoxicating liquors, and

in accordance with the verdict of the jury was sentenced to pay a fine of $250 and be confined in the county jail for 30 days.

The principal ground relied on for a reversal of the judgment is that the evidence is legally insufficient to support the verdict. C. H. Parks, sheriff, testified that the defendant had been occupying the place two or three months; that he saw lots of people at the place that frequently got drunk; that he found whisky on the premises twice, and found whisky hid in the back yard; that he knew the general reputation of the place as being a place where people obtained whisky, and that reputation was bad. R. T. Pullen testified that he saw a man named Settle, who was working for the defendant, come out of the place with a bottle of whisky in his pocket, that he knew the general reputation of the place as to being a place where whisky was being handled, and it was bad. Emmett Rice testified that he hauled fellows to the place once or twice, and that they would have whisky when they got back to his car. Two other witnesses testified that they were acquainted with the general reputation of the defendant's place as being a place where whisky was kept for unlawful sale, and that reputation was bad. At the close of the state's evidence there was a motion by the defendant for a directed verdict of acquittal, on the ground that the evidence is insufficient to warrant his conviction, which motion was overruled. Exception reserved.

The rule repeatedly announced by this court is that it has no power to reverse a judgment of conviction on the ground that the verdict is not supported by the evidence, unless there is no substantial evidence tending to show the guilt of the defendant, or that the evidence fails so far to support the verdict that the necessary inference is that the jury must

have acted from passion or prejudice. We have set forth a sufficient statement of the material testimony introduced by the state, and it is apparent that there is substantial evidence tending to show the defendant's guilt, and in our opinion it is amply sufficient to support the verdict.

Having carefully examined the other questions raised by the assignments of error, we are of the opinion that no error is shown in any of the other questions raised.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.